# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1570V
Filed: November 5, 2024

| | |
|---|---|
| VANESSA MORRIS,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA*, for petitioner.
*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC*, for respondent.

### **DECISION AWARDING DAMAGES**[1]

  On October 9, 2019, Vanessa Morris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 4, 2017. (ECF No. 1)

  On July 11, 2023, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury caused-in-fact by her vaccination. (ECF No. 44.) On November 5, 2024, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $502,071.61, consisting of $150,000.00 for pain and suffering, $4,439.57 in past unreimbursable expenses, and $347,632.04 for past lost wages. (ECF No. 62.) In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

      Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $502,071.61, representing $150,000.00 in compensation for pain and suffering, $4,439.57 in compensation for past unreimbursable expenses, and $347,632.04 in compensation for past lost wages, in the form of a check payable to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

      **s/Daniel T. Horner**
      Daniel T. Horner
      Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| VANESSA MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1570V **(ECF)** |
| v. ) | Special Master Horner |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 9, 2019, Vanessa Morris ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act"), alleging a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table ("Table"), resulting from her receipt of an influenza ("flu") vaccination on October 4, 2017.  ECF No. 1 at 1.  On August 24, 2021, respondent filed his Rule 4(c) report, in which he argued that petitioner had failed to demonstrate that she suffered a SIRVA.  ECF No. 26.

On October 6, 2021, petitioner filed a motion for a factual ruling ("MFFR").  ECF No. 28.  In the MFFR, petitioner moved the Court to find that she suffered a left SIRVA with an onset that occurred within forty-eight hours after her receipt of the vaccination.  *Id.* at 1.  On October 15, 2021, respondent filed his response to petitioner's MFFR.  ECF No. 29.  On December 15, 2021, Chief Special Master Corcoran issued his Findings of Fact and Conclusions of Law Dismissing Table Claim ("FOF"), in which he dismissed petitioner's SIRVA Table claim.  ECF No. 30.  On January 18, 2022, Chief Special Master Corcoran issued a Transfer

Order – Special Processing Unit ("Transfer Order"), through which he transferred this case out of the SPU. ECF No. 32. Pursuant to the Notice of Reassignment issued on January 19, 2022, this case was reassigned to Special Master Horner. ECF No. 34.

On February 17, 2022, petitioner filed the report of one of her experts, Naveed Natanzi, D.O. Petitioner's Exhibit ("Ex.") 15. On May 9, 2022, petitioner filed the report of her other expert, Eric Gershwin, M.D. Ex. 38. Respondent elected not to file responsive expert reports in this case. *See* ECF No. 39. On August 23, 2022, petitioner filed her motion for ruling on the record ("MFROR"). ECF No. 41. On November 4, 2022, respondent filed his response to petitioner's MFROR. ECF No. 43. On July 11, 2023, Special Master Horner issued his Ruling on Entitlement, in which he found that petitioner was entitled to compensation, as she had demonstrated by preponderant evidence that she had suffered an injury to her left shoulder, specifically adhesive capsulitis, that was caused-in-fact by her receipt of the flu vaccination on October 4, 2017.[1] ECF No. 44. Also on July 11, 2023, Special Master Horner issued a Damages Order. ECF No. 45.

**I.     Items of Compensation**

    **A.     Pain and Suffering**

Respondent proffers that petitioner should be awarded $150,000.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    **B.     Past Unreimbursable Expenses**

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury. Respondent proffers that petitioner should be

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of Special Master Horner's July 11, 2023 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

awarded past unreimbursable expenses in the amount of $4,439.57.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

    C.    <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past lost wages pertaining to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $347,632.04.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following:[2]  a lump sum payment of $502,071.61, in the form of a check payable to petitioner.

**III.**    **Summary of Recommended Payment Following Judgment**

    Lump sum payable to petitioner, Vanessa Morris:    **$502,071.61**

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                                HEATHER L. PEARLMAN
                                                Deputy Director
                                                Torts Branch, Civil Division

                                                LARA A. ENGLUND
                                                Assistant Director
                                                Torts Branch, Civil Division

                                                <u>/s/ *Benjamin P. Warder*</u>
                                                BENJAMIN P. WARDER
                                                Trial Attorney
                                                Torts Branch, Civil Division
                                                U.S. Department of Justice
                                                P.O. Box 146, Ben Franklin Station
                                                Washington, DC 20044-0146
                                                Telephone:  (202) 532-5464
DATE:  November 5, 2024                    Email:  Benjamin.P.Warder@usdoj.gov